```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

SONS OF CONFEDERATE VETERANS   *
INC., et al.
                Plaintiffs   *

           vs.   *   CIVIL ACTION NO. MJG-97-178

LAWRENCE J. HOGAN, JR., et al.   *

               Defendants   *

*   *   *   *   *   *   *   *   *

MEMORANDUM AND ORDER

On February 25, 1997, this Court – by Judge Smalkin – issued its Order and Judgment [ECF No. 13] declaring the Defendants' refusal to issue automobile license plates bearing the logo of the Sons of Confederate Veterans to be violative of the First Amendement rights of the Plaintiffs, Sons of Confederate Veterans, Inc., its Maryland Division and its then Lieutenant Commander in Chief.

The Court now has before it the Motion to Vacate Judgment and Dissolve Injunction [ECF No. 26] filed by Defendants on July 17, 2015. In brief, Defendants contend that the Supreme Court decision in Walker v. Texas Division, Sons of Confederate Veterans, Inc., ___ U.S. ___, 135 S. Ct. 2239 (2015) requires the Court to grant the motion.

The Court was unable to locate counsel of record for Plaintiffs and was informed that the American Civil Liberties

Union of the Capital Area, that had participated in the litigation, no longer wishes to participate.  By letter of August 27, attached hereto as Exhibit A, the Court wrote to Plaintiff Sons of Confederate Veterans, Inc. and the Rutherford Institute (an organization with which Plaintiffs' counsel had been associated).  The Court asked the Sons of Confederate Veterans to either consent to the motion or obtain counsel to oppose the motion.  On September 23, Plaintiff Sons of Confederate Veterans, Maryland Division, by its current Commander, filed a Motion for Continuance [ECF No. 28] that was granted [ECF No. 29], extending the due date for response to October 9.  However, as of this writing, no plaintiff has consented to the said motion or had counsel enter an appearance to oppose the motion.

   The Court finds the instant motion to be unopposed and sees no reason for its denial.  However, in order to insure that the absence of any opposition to the motion is not due to any misunderstanding on the part of presently unrepresented plaintiffs, the Court temporarily will defer the effect of its action.  Should any plaintiff contend that there is a reasonable basis for an opposition to the motion, that Plaintiff must file a motion for reconsideration prior to November 17, 2015.

Accordingly:

1. The Motion To Vacate Judgment and Dissolve Injunction [ECF No. 26] filed by Defendants is GRANTED.

2. The Court is issuing herewith an Order vacating the judgment and dissolving the injunction heretofore issued herein, effective November 17, 2015.

SO ORDERED, on Thursday, October 15, 2015.

                                            /s/
                              Marvin J. Garbis
                    United States District Judge